UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00141-FDW

| DERRICK D. BOGER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| ROY COOPER, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint under 28 U.S.C. §§ 1915A and 1915(e). (Doc. No. 1.) Also before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2), which shall be granted.

**I.   BACKGROUND**

Plaintiff is a prisoner of the State of North Carolina who has named Roy Cooper, Governor of North Carolina, W. David Guice, identified as Commissioner of Prisons, George T. Solomon, identified as Director of Prisons, and Susan White, identified as Superintendent of Alexander Correctional Institution, as Defendants. Plaintiff alleges that:

> [Defendants] all could have stop [sic] a 4th Amendment violation of openly seen larceny do [sic] to the fact Plaintiff was in no contract to allow state officials to enter into his trust fund account on 3/27/2015 at Scotland Correctional, [on] 12/14/2013, 12/10/2013, 10/4/2013, 10/8/2012, [and] 10/9/2009 at Albemarle Correctional, [on] 8/22/2009, 3/21/2009, 11/15/2008, [and] 7/21/2007 at Brown Creek Correctional, [and on] 7/13/2007, 6/6/2005, [and] 8/16/2004 at Alexander Correctional and seize funds out of my trust fund account for infractions breaching their legal duties and abusing their authority and causing excessive punishment, 8th Amendment USA Con. violations and forcing me to suffer double jeopardy, 5th Amendment USA Con. violations in the eyes of the public[.]

1

(Compl. 4, Doc. No. 1.) Plaintiff seeks monetary compensation and an injunction prohibiting Defendants from removing any funds from Plaintiff's prison trust account without first signing a contract with Plaintiff allowing them to do so. (Compl. 4.)

**II.      STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the Complaint, or any portion of the Complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). The liberal construction requirement, however, will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). For the reasons that follow, Plaintiff's Complaint shall be dismissed.

**III.     DISCUSSION**

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Plaintiff's Complaint appears to relate to the North Carolina Department of Public Safety's ("NCDPS") system of punishments for inmate disciplinary infractions. See Disciplinary_Offenses_Handout (N.C. Dep't of Public Safety April 1, 2014), https://www.ncdps.gov/document/inmate-discipline-

listing-current-offenses-punishments-and-administrative-fees.pdf.[1]  Among the authorized punishments for various infractions is a limited draw from the inmate's prison trust account.  Id. at 2.  Plaintiff views the removal of funds from his prison trust account for various infractions as unconstitutional because he does not have a contract with state officials that allows them to remove funds from his prison account.

      Plaintiff's Complaint suffers from numerous deficiencies.  As an initial matter, it is not consistent with Rules 18 and 20 of the Federal Rules of Civil Procedure, regarding joinder of claims and parties.  Rule 18(a) only allows a plaintiff to join either "as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  Rule 20 allows the joinder of several parties only if the claims arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants.  Fed. R. Civ. P. 20(a)(2).  Here, Plaintiff alleges unconstitutional removal of funds from his trust account occurring on multiple dates, in different years, at different NCDPS institutions, and for different infractions, whereas Defendant White, for example, is alleged to have had supervisory authority over only one of the institutions involved.

      Second, the Eleventh Amendment of the United States Constitution bars suits in federal court against the State.  Alden v. Maine, 527 U.S. 706, 729 (1999).  "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  Edelman v. Jordan, 415 U.S. 651, 663 (1974).  Immunity extends not only to the State, but also to "arm[s] of the State [,]" including state officers.  Mt. Health City Sch. Dist. Bd. of

---

[1] Available at https://www.ncdps.gov/our-organization/adult-correction/prisons/publications-forms-and-manuals.

Educ. v. Doyle, 429 U.S. 274, 280 (1977).  While acting in their official capacity, state officers are entitled to Eleventh Amendment immunity because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and "[a]s such, it is no different from a suit against the State itself."  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

In the present case, all of the named Defendants are sued in their official capacities for failing to "stop [sic] a 4th Amendment violation of openly seen larceny" of funds from Plaintiff's prison trust account and "breaching their legal duties and abusing their authority."  (Comp. 4.)  The Eleventh Amendment forbids actions against state officials for monetary relief for past wrongs.  Kentucky v. Graham, 473 U.S. 159, 169 (1985).

A State official can be sued for prospective injunctive relief to prevent the continuing enforcement of an unconstitutional law, however.  S.C. Wildlife Fed'n v. Limehouse, 549 F.3d 324, 332 (4th Cir. 2008).  Such officials may be sued, "only if they have 'some connection with the enforcement' of an unconstitutional act."  Wright v. North Carolina, 787 F.3d 256, 262 (4th Cir. 2015) (quoting Ex parte Young, 209 U.S. at 157).  Thus, for an official "[t]o be amenable to suit under the Eleventh Amendment, there must be a 'special relation' between the state official being sued and the challenged action.  This requires 'proximity to and responsibility for the challenged state action.'" Id. (emphasis added); Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 331 (4th Cir. 2001).

Plaintiff has not pleaded sufficient facts for the Court to reasonably infer that an unconstitutional act occurred.  To begin with, Plaintiff's assertion that he and NCDPS officials must have a contractual relationship before those officials may administer a consequence for a disciplinary offense is frivolous.  Furthermore, Plaintiff cannot state a claim under the Fourth

4

Amendment because, as an incarcerated state prisoner, he has no reasonable expectation of privacy. See Hudson v. Palmer, 468 U.S. 517, 530 (1984) (holding that prison inmates do not have reasonable expectations of privacy within prison cognizable under the Fourth Amendment).

As for Plaintiff's conclusory references to "excessive punishment" under the Eighth Amendment and "double jeopardy" under the Fifth Amendment, he has failed to allege any facts that would raise plausible claims under either amendment. For instance, the Eighth Amendment protects prisoners from punishments which "are grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (citations omitted). Plaintiff does not identify the offenses for which he was punished under the NCDPS disciplinary system nor whether monetary fines were the only sanctions imposed. He does not deny committing the offenses or claim that he was denied due process with respect to how the NCDPS adjudicated those offenses. Finally, Plaintiff does not contend that the amounts authorized as fines under the NCDPS disciplinary system are excessive relative to the severity of the relevant offenses. In fact, it is not clear whether Plaintiff is referring to his underlying criminal conviction or his individual disciplinary infractions, when he complains that removal of the funds "caus[es] excessive punishment." (Compl. 4.) Plaintiff makes no attempt to explain his contention that monetary fines for a prison disciplinary action violate the Double Jeopardy Clause.

In sum, in addition to its other deficiencies, the Complaint's allegations of constitutional violations are frivolous or too vague and conclusory to state a claim for relief. Accordingly, it shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1) Plaintiff's 42 U.S.C. § 1983 Complaint (Doc. No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), as frivolous and for failure to state a claim upon which relief

may be granted; and

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**.

**SO ORDERED.**

Signed: August 15, 2017

Frank D. Whitney
Chief United States District Judge